UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JIMMY O. WARREN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2936 JAR ) |
| METRO TRANSIT ST. LOUIS THE BI-STATE DEVELOPMENT AGENCY OF MISSOURI-ILLINOIS DISTRICT, et al., | ) ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER OF REMAND**

This matter is before the Court on Plaintiff's Motion to Remand (Doc. No. 10). The motion is fully briefed and ready for disposition. For the following reasons, the motion will be granted.

**Background**

Plaintiff Jimmy O. Warren alleges that his former employer Bi-State Development Agency ("Bi-State") terminated his employment based on his disability and in retaliation for complaining about discriminatory work place policies. Plaintiff filed suit in state court pursuant to the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 et seq. (Petition for Discrimination and Damages (Pet.), Doc. 10-2) In Count I (Disability Discrimination), Plaintiff alleges he was terminated because of his disability. In Count II (Retaliation), Plaintiff alleges he was terminated because he complained about discriminatory work place policies and filed a grievance. In Count III (Wrongful Termination), Plaintiff alleges he was terminated because of his disability and for reporting wrongdoing or policy violations to his superiors. In Count IV

1

(Intentional Infliction of Emotional Distress), Plaintiff alleges that Bi-State's discriminatory work practices caused him severe emotional distress.

According to the petition, in 2012, after twelve years of employment with Bi-State, Plaintiff was medically diagnosed with a disability[1] and requested FMLA leave. (Pet. ¶¶ 11-14) After reporting his disability and need for accommodation to his supervisor, defendant Donna Holmes ("Holmes"), Plaintiff states he was harassed and threatened with termination, all while on FMLA leave. (Pet. ¶¶ 15, 16, 20, 22, 57, 58) Plaintiff alleges Holmes failed to provide him with accommodations and placed him into a "punitive program that violates public policy" known as "Last Chance Agreement for Misses." (Pet. ¶¶ 17, 18, 21, 23) He filed a grievance for harassment, failure to accommodate, retaliation and ill treatment by a supervisor, but did not prevail. (Pet. ¶¶ 25-26) Plaintiff was terminated on August 22, 2014. (Pet. ¶ 27) He filed a charge of discrimination with the EEOC for disability discrimination and retaliation and was issued a right to sue letter on August 30, 2017. (Pet. ¶ 28; Doc. No. 10-3)

On December 27, 2017, Defendants removed the action to this Court on the basis of federal question jurisdiction, asserting that Plaintiff's claims are based on a federal cause of action under the Family Medical Leave Act (FMLA), 29 U.S.C. §§ 2601, *et seq.* (Doc. No. 1)

**Legal standard**

"The propriety of removal to federal court depends on whether the claim comes within the scope of the federal court's subject matter jurisdiction." Peters v. Union Pacific R. Co., 80 F.3d 257, 260 (8th Cir. 1996) (citing 28 U.S.C. § 1441(b)). "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d

---

[1] Plaintiff states that he suffers from congestive heart failure, hypertension, gout, diabetes and obesity. (Pet. ¶ 10)

1006, 1010 (8th Cir. 2005)). The party seeking removal and opposing remand has the burden of establishing federal subject matter jurisdiction. Cent. Iowa Power Coop. v. Midwest Indep. Transmission Sys. Operator, 561 F.3d 904, 912 (8th Cir. 2009); In re Business Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Removal statutes are strictly construed, and any doubts about the correctness of removal are resolved in favor of state court jurisdiction and remand. In re Business Men's Assurance Co., 992 F.2d at 183.

**Discussion**

Under 28 U.S.C. § 1331, federal courts have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Under the well-pleaded complaint rule, a suit "arises under" federal law "only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law]." Palazzolo v. Harris-Stowe State Univ., No. 4:16-CV-00826 JAR, 2016 WL 3878470, at *2 (E.D. Mo. July 18, 2016) (quoting Zampitella v. Walgreens Co., No. 4:16-CV-781 (CEJ), 2016 WL 3627290, at *2 (E.D. Mo. July 6, 2016)). A complaint that merely references federal law does not justify federal question jurisdiction, as "jurisdiction 'may not be sustained on a theory the plaintiff has not advanced.'" Id.

Removal of a complaint setting forth state law claims is proper under the well-pleaded complaint rule where (1) federal law completely preempts a plaintiff's state-law claim, or (2) an issue of federal law is a "necessary and central element" of plaintiff's state law claims. Id. (citing Mabe v. Golden Living Ctr.-Bransom, No. 07-03268-CV-S-FJG, 2007 WL 3326857, at *3 (W.D. Mo. Nov. 6, 2007)). Plaintiff argues this case should be remanded because his claims arise solely under the MHRA and Missouri state law. Specifically, Plaintiff alleges he was retaliated

against for using FMLA leave, complaining about Bi-State's policies and practices, and for filing a grievance against Defendants. Plaintiff argues this is a MHRA claim, not an FMLA claim.[2]

Defendants respond that remand is inappropriate because Plaintiff has explicitly pled FMLA retaliation on the face of his petition, to-wit:

- Plaintiff requested Family Medical Leave (FMLA) in 2012. (Pet. ¶14)
- Plaintiff was written up for being late and threatened with termination on numerous occasions while ill. (Pet. ¶20)
- Plaintiff was on FMLA when given a final warning by Defendants. (Pet. ¶44)
- The Defendants conduct was extreme and outrageous, Plaintiff was harassed while using FMLA and suffering from a disability. (Pet. ¶57)
- Defendants acted in an intentional and reckless manner towards the Plaintiff, Defendants constantly threatened Plaintiff with termination while on FMLA and disabled. (Pet. ¶58)

Defendants also argue that remand is inappropriate because resolution of Plaintiff's state law disability and retaliation claims require the resolution of substantial federal questions, i.e., whether Plaintiff had a right to FMLA leave in the first instance and whether Defendants' actions amounted to retaliation against Plaintiff for exercising his rights under the FMLA.

The mere mention of the word "FMLA" in a complaint does not convert an otherwise well-pled state law cause of action into a federal question. Mabe, 2007 WL 3326857, at *3. As noted by several other courts addressing this issue, the language of the FMLA does not indicate an intent by Congress to completely displace ordinarily applicable state law, and therefore the complete preemption exception does not apply. Davis v. Oliver Street Dermatology Mgmt., LLC, No. 17-CV-0250-FJG, 2017 WL 3494231, at *2 (W.D. Mo. Aug. 15, 2017) (collecting

---

[2] Plaintiff has filed a motion for leave to amend his complaint. (Doc. No. 15) His proposed amended complaint removes any reference to the FMLA and adds state law claims under the Missouri Whistle Blower Protection Act, and Mo. Rev. Stat. § 192.2400 (192.2005). In his reply brief, Plaintiff states that he will request leave to amend if the Court denies his motion to remand. (Doc. No. 16 at 2) In light of the Court's ruling herein, Plaintiff's motion for leave to amend will be denied as moot.

4

cases). Thus, in order to establish federal jurisdiction, Defendants must show that an issue of federal law is a necessary and central element of Plaintiff's MHRA claims.

In Mabe, the court found the plaintiff's FMLA claim was not a "necessary and central" element of her cause of action. The only reference to any federal claim in the plaintiff's petition was the reference to an FMLA violation in support of her emotional distress claim; she did not list the FMLA claim as a separate cause of action in the petition. Further, the FMLA violation was not the only allegation the plaintiff offered in support of her emotional distress claim; she also alleged harassment. Id. at *5.

Like in Mabe, Plaintiff does not allege a violation of his FMLA rights, nor is he seeking relief for lost benefits under the FMLA. Plaintiff's claims do not depend on the resolution of whether his FMLA rights were violated, and he has not advanced a violation of his FMLA rights as a primary ground for relief. Rather, Plaintiff is asserting state law claims of disability discrimination and retaliatory discharge. Therefore, this Court finds that Plaintiff's claims do not raise a federal question. Several other courts have reached the same conclusion on similar facts. See Davis, 2017 WL 3494231, at *2 (finding plaintiff's claim that her employment was terminated in retaliation for requesting an accommodation of her disabilities in the form of FMLA leave did not raise a federal question); Miller v. Metro. Sewer Dist., No. 4:10CV0363 JCH, 2010 WL 2399553, at *2 (E.D. Mo. June 10, 2010) (finding that plaintiff's allegation in her MHRA claim that employer denied her leave under FMLA did not raise substantial question of federal law); Bell v. BJC Health Sys., No. 4:10CV72 HEA, 2010 WL 2835736, at *3 (E.D. Mo. July 16, 2010) (rejecting argument that plaintiff's state law claims depended on determining a "right to be free from retaliation for using FMLA leave"); Mabe, 2007 WL 3326857, at *5 (W.D.

5

Mo. Nov. 6, 2007) (finding claim for negligent infliction of emotional distress based on denial of FMLA leave did not arise under federal law); Zampitella, 2016 WL 3627290, *3.

In further opposition to remand, Defendants assert that Plaintiff only has the right to file this action in federal court because he failed to obtain a notice of right to sue from the Missouri Commission on Human Rights (MCHR). Plaintiff replies that he has requested and obtained a Right to Sue Letter from the MCHR (Doc. No. 16-1, attached to his Reply Memorandum), which relates back to his originally filed complaint. Whether or not Plaintiff has met the requirements under the MHRA to file suit in state court is a matter for the state court to decide and does not go to federal jurisdiction. Likewise, Plaintiff's citation to the Federal Rules in support of his jury demand does not convert his claims into a federal cause of action.

**Conclusion**

For these reasons, Plaintiff's motion to remand will be granted and his motion for leave to amend his complaint will be denied as moot. Although Plaintiff requests an award of attorney's fees incurred by reason of the removal proceedings, the Court does not find that Defendants lacked an objectively reasonable basis for removal and therefore declines to award fees to Plaintiff. Davis, 2017 WL 3494231, at *2–3.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand [10] is **GRANTED.**

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of the City of St. Louis under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to Amend Complaint [15] is **DENIED** as moot.

Dated this 26th day of March, 2018.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**